■ TREESA BROWNING, Respondent, v J.J. WALLOCK, INC., et al., Defendants, and CARMINE J. DECRESCENTE, JR., Individually and as General Partner in Decrescente Family Limited Partnership, et al., Appellants. [762 NYS2d 531] —Crew III, J.P. Appeal from an order of the Supreme Court (Williams, J.), entered December 17, 2002 in Saratoga County, which, upon reargument, vacated a prior decision awarding certain defendants counsel fees and sanctions.

On July 10, 1999 plaintiff, while attending an event known as "Country Fest" in the City of Saratoga Springs, Saratoga County, was injured when she was struck by a pole of a collapsing tent. As a consequence, plaintiff commenced this action against, among others, defendant Carmine J. Decrescente, Jr. and defendant Decrescente Family Limited Partnership (hereinafter collectively referred to as defendants). Initially, counsel for defendants wrote to plaintiff's counsel asserting that plaintiff lacked any legal or factual basis for her claim against defendants and demanded that the action be discontinued.

When plaintiff failed to discontinue the action, defendants moved for summary judgment. Supreme Court denied the motion, but granted leave to renew at the completion of Decrescente's examination before trial in the event that plaintiff refused to execute a stipulation of discontinuance.

Following Decrescente's examination before trial, defendants, on July 15, 2002, presented plaintiff with a stipulation of discontinuance and demanded that it be executed by July 19, 2002. Plaintiff did not execute the stipulation of discontinuance until July 23, 2002, prompting defendants to renew their motion for summary judgment in which they sought sanctions and counsel fees. Ultimately, Supreme Court dismissed the case against defendants, but declined to impose sanctions or award counsel fees. Defendants appeal and we affirm.

Upon our review of this record, we cannot say that plaintiff had absolutely no reasonable basis in law or fact for commencing the underlying action against defendants (see CPLR 8303-a [c] [ii]). Morever, we certainly do not concur with defendants' contention that plaintiff's failure to execute the stipulation of discontinuance by July 19, 2002 constituted a failure to promptly discontinue the action, thereby mandating an award of costs and counsel fees (see CPLR 8303-a [a]). Discovery was concluded on July 15, 2002, at which time defendants presented plaintiff with a stipulation of discontinuance, which was executed and served on defendants on July 23, 2002. We find that to be prompt discontinuance as a matter of law and, thus, Supreme Court quite properly declined to award costs or counsel fees or to impose sanctions.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.